UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JEFFREY B. GUINN AND MONICA A. GUINN, individually and as Trustees of the DEL MAR TRUST, R. KENT BARRY AND MARY SUNSHINE BARRY, individually and as Trustees of the BARRY FAMILY TRUST, SEAN P. CORRIGAN AND LISA D. CORRIGAN, individually and as Trustees of the S&L CORRIGAN FAMILY TRUST, CORONADO CANYONS, LLC, PACIFIC SUNSET DEVELOPMENT, LLC,<br><br>Appellants,<br><br>vs.<br><br>FEDERAL DEPOSIT INSURANCE CORPORATION, AS RECEIVER FOR COMMUNITY BANK OF NEVADA,<br><br>Respondent, | Case No:<br><br>**ORDER OF CERTIFICATION FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEVADA**<br><br>USDC Case No: 2:09-cv-01809-PMP-CWH |

Pursuant to Nevada Rule of Appellate Procedure 5, the United States District Court for the District of Nevada presents the following certified questions to the Nevada Supreme Court, which may be determinative of claims made in a cause now pending in the District of Nevada and as to which it appears there is no controlling precedent in the decisions of the Nevada Supreme Court.

I.   QUESTIONS OF LAW TO BE ANSWERED

   A.   Whether a creditor who asserts a breach of guaranty claim for relief against the guarantors of a commercial loan prior to a foreclosure sale or trustee's sale of the collateral securing the loan (which remains pending after the foreclosure sale or trustee's sale) must either amend its pleading to formally state a claim for a deficiency judgment or move for summary judgment on the deficiency within six months of the foreclosure sale or trustee's sale to comply with NRS 40.455(1) and obtain a deficiency judgment?

   B.   If the answer to Question No. 1 is "yes", does a written letter from the creditor to the guarantors' counsel within the context of settlement discussions, which identifies the purported amount of the deficiency, and is delivered within six months of the foreclosure sale, sufficient to constitute an application under NRS 40.455(1) to obtain a deficiency judgment as part of an existing litigation?

   C.   Is NRS 40.455(1) a substantive statute of repose or a procedural statute of limitations?

II.   STATEMENT OF RELEVANT FACTS

   These certified questions relate to a claim for a deficiency judgment made against the Appellants by the Respondent the Federal Deposit Insurance Corporation, as Receiver for Community Bank of Nevada (the "FDIC-R").

   The deficiency claim asserted by the FDIC-R stems from a $29,020,000 loan from Community Bank of Nevada ("Community Bank") to Coronado Canyons, LLC to finance the development of a mixed-use retail/commercial center called Coronado Canyons in Henderson, Nevada. The loan was secured by a Deed of Trust on the project and its property and

guaranteed by various individuals, entities, and trusts, all of whom are Plaintiffs below and Appellants here.

Shortly after Coronado Canyons allegedly defaulted on the loan, in April 2009, the borrowers and guarantors (combined with borrowers and guarantors on other affiliated loans) filed this lawsuit against Community Bank. The gravamen of Plaintiffs' Complaint consists of allegations that Community Bank refused to honor alleged agreements to either lend Plaintiffs additional money or extend the terms of Plaintiffs' existing loans. Based on this, Plaintiffs seek contract and tort damages under several different causes of action.

Community Bank countersued in August 2009 and asserted the following three causes of action relating to the Coronado Canyons loan: (1) breach of contract by Coronado Canyons; (2) breach of guaranty agreements by the guarantors; and (3) breach of the implied duty of good faith and fair dealing by Coronado Canyons and the guarantors. Community Bank had not yet foreclosed on the property securing the loan when it filed these claims.

A week later, Community Bank failed and the FDIC-R was appointed as its receiver on August 14, 2009. The FDIC-R thereafter removed the case to the United States District Court for the District of Nevada.

On April 8, 2011, the real property securing the Coronado Canyons loan was sold to the FDIC-R through a non-judicial foreclosure sale for $3,700,000 (credit bid). The FDIC-R alleges that this left a $29,254,231.78 deficiency owing on the Coronado Canyons loan. Pursuant to the FDIC-R's counsel, the FDIC-R's counsel sent a letter to counsel for Plaintiffs by email on June 13, 2011 that, among other things, specified the purported amount of the deficiency it claimed was owed on this loan, as well as the alleged deficiency on other loans that were also part of the lawsuit.

On November 28, 2011 the FDIC-R amended its answer and counterclaims to assert additional claims relating to loans that were not in default when in filed its previous answer and counterclaims, but that the FDIC alleged Plaintiffs had since defaulted on . In addition to those amendments, the FDIC-R added one cause of action related to the Coronado Canyons loan, which is called application for deficiency judgment. Plaintiffs moved to dismiss that claim and all other claims relating to the Coronado Canyons loan (for breach of the loan agreement and breach of the guarantees). In their motion, Plaintiffs argued that the deficiency claim was untimely under NRS 40.455(1) because it was filed more than 180 days after the foreclosure sale. The FDIC-R opposed the motion, arguing that since it had sued the moving borrower and guarantors over one year before the foreclosure sale, it satisfied the requirements of making an application for deficiency within the meaning of NRS 40.455. After hearing argument on the motion, the Court determined that these questions relating to that motion should be certified to the Nevada Supreme Court.

### III. NATURE OF THE CONTROVERSY IN WHICH THESE QUESTIONS AROSE

These questions arise in the context of a competing lender liability/collection action currently pending before the Honorable Philip M. Pro in the United States District Court for the District of Nevada.

The action in which these questions arise involves a dispute over $32 million in five separate loans made by Community Bank to certain of the Plaintiffs below. The remaining Plaintiffs guaranteed those loans. Plaintiffs commenced this action on April 9, 2009 by filing a Complaint in the Eighth Judicial District Court, Clark County, Nevada against Community Bank, Case No. A-09-587319-B. In addition to the claims discussed in the previous section, the complaint asserted similar claims for each of the other four loans in this relationship.

Community Bank responded to the Complaint and, in an attempt to collect on the defaulted loans, asserted counterclaims for breach of contract against the borrowers and breach of guarantees against the guarantors on three of the loans (including the Coronado Canyons loan that is the subject of these certified questions). Community Bank had not foreclosed on any of the collateral securing the loans at the time it asserted its counterclaims.

Around the same time, on May 29, 2009, Community Bank filed a separate action, Eighth Judicial District Court Case No. A-09-591362-B, against Plaintiff Coronado Nevada, LLC. By stipulation of the parties, the Eighth Judicial District Court ordered those two actions consolidated on July 14, 2009.

As stated above, the Nevada Financial Institutions Division took control of Community Bank and appointed the FDIC as receiver for Community Bank. As a result of this appointment, the FDIC-R has, pursuant to 12 U.S.C. §§ 1821(d)(2)(A)(i) and 1821(d)(2)(B)(i), succeeded to "all rights, titles, powers, and privileges" of Community Bank and may "take over the assets of and operate" Community Bank with all the powers thereof. This includes the resolution of outstanding claims against the institution in receivership. 12 U.S.C. § 1821(d)(3). Given this, the Eighth Judicial District Court entered an Order on August 31, 2009 substituting the FDIC-R for Community Bank in Case No. A-09-587319-B and substituting the FDIC-R for Community Bank in Case No. A-09-591362-B.

Since that time, the FDIC-R amended it counterclaims to state additional claims for either breach of contract or a deficiency judgment for the two other loans that were not in default when this lawsuit started, but which have allegedly since gone into default. It was in the context of this action that the FDIC-R amended its counterclaim to assert a claim for a

deficiency judgment against the appellants, which the appellants attacked on the motion to dismiss described above.[1]

## IV. DESIGNATION OF PARTIES

The Appellants in the Nevada Supreme Court (who are among the Plaintiffs/Counterclaim defendants below) are:

- Coronado Canyons, LLC;
- Jeffrey B. Guinn, individually and as Trustee of the Del Mar Trust;
- Monica A. Guinn, individually and as Trustee of the Del Mar Trust;
- R. Kent Barry, individually and as Trustee of the Barry Family Trust;
- Mary Sunshine Barry, individually and as Trustee of the Barry Family Trust;
- Sean P. Corrigan, individually and as Trustee of the S&L Corrigan Family Trust;
- Lisa D. Corrigan, individually and as Trustee of the S&L Corrigan Family Trust; and
- Pacific Sunset Development, LLC.

The Respondent in the Nevada Supreme Court (the Defendant/Counterclaimant below) is:

- The Federal Deposit Insurance Corporation, as Receiver for Community Bank of Nevada.

---

[1] The United States District Court denied the Appellants' motion to dismiss without prejudice pending resolution of these certified questions.

## V. DESIGNATION OF COUNSEL

Appellants' counsel is:

> BAILEY KENNEDY
> John R. Bailey, No. 137
> Email: jbailey@baileykennedy.com
> Dennis L. Kennedy, No. 1462
> Email: dkennedy@baileykennedy.com
> Joseph A. Liebman, No. 10125
> Email: jliebman@baileykennedy.com
> 8984 Spanish Ridge Avenue
> Las Vegas, Nevada 89148
> Telephone: (702) 562-8820
> Facsimile: (702) 562-8821

Respondent's counsel is:

> MORRIS LAW GROUP
> Robert McCoy, No. 9121
> Email: rrm@morrislawgroup.com
> Rex D. Garner, No. 9401
> Email: rdg@morrislawgroup.com
> 900 Bank of America Plaza
> 300 South Fourth Street
> Las Vegas, Nevada 89101
> Telephone: (702) 474-9400
> Facsimile: (702) 474-9422

## VI. OTHER MATTERS

The parties request the opportunity to brief and argue these certified questions pursuant to Nevada Rule of Appellate Procedure 5(g)(2)-(3).

The Court defers to the Nevada Supreme Court to decide whether it requires any other information to answer the certified questions. The Court does not intend its framing of the questions to limit the Nevada Supreme Court's consideration of the issues.

Having complied with Nevada Rule of Appellate Procedure 5(c)'s provisions, the Court hereby directs the Clerk of Court to forward this Order to the Supreme Court of the State of Nevada, 201 South Carson Street, Carson City, Nevada 89701 under official seal.

Dated: May 14, 2012

_____
Philip M. Pro
United States District Judge