# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

JEFFREY B. GUINN, *et al.*,

    Plaintiffs,

vs.

FEDERAL DEPOSIT INSURANCE CORPORATION, *et al.*,

    Defendants.

Case No. 2:09-cv-01809-PMP-CWH

**ORDER**

    This matter is before the Court on Judgment Creditor Federal Deposit Insurance Corporation's, as Receiver for Community Bank of Nevada, ("FDIC-R") Ex Parte Motions for Ten Judgment Debtor Examinations (#132 - #141), filed on June 4, 2013.

## BACKGROUND

    On April 8, 2013, judgment was entered against the debtors listed in FDIC-R's Ex Parte Motions with the Final Judgment Order dated April 29, 2013. *See* Orders #120-129, #131.  In this motion, FDIC-R requests an order scheduling judgment debtor examinations.  Additionally, FDIC-R requests that the judgment debtors be forbidden from disposing of, transferring, or concealing any property not exempt from execution.  Finally, FDIC-R requests that the Court order the production of documents in advance of the examinations.

## DISCUSSION

**A.  Judgment Debtor Examinations**

    Nevada Revised Statute (NRS) 21.270.1(b) provides that a judgment creditor, at any time after the judgment is entered, is "entitled to an order from the judge of the court requiring the judgment debtor to appear and answer upon oath or affirmation concerning his or her property." Such an examination may occur before the judge or master appointed by the judge or an attorney representing the judgment creditor.  *Id.*  NRS 21.270 further provides that "[n]o judgment debtor

1  may be required to appear outside the county in which he resides."

2  The Court agrees that the requested judgment debtor examinations are authorized under the aforementioned law. Accordingly, it will enter an order that the judgment debtors identified in FDIC-R's Ex Parte Motions be subject to examinations on the dates and times outlined in those motions.

**B.   Discovery**

Federal Rule of Civil Procedure 69 permits a judgment creditor to obtain post-judgment discovery pursuant to either the procedures set forth under the law of the state where the court is located or a federal statute. Fed. R. Civ. Pro. 69(a); *see also Alcalde v. NAC Real Estate Investments & Assignments, Inc.*, 580 F. Supp. 2d 969, 971 (C.D. Cal. 2008) ("The judgment creditor may also propound discovery to the judgment debtor, including requests for production and/or inspection of documents."). The scope of post-judgment discovery is broad; the judgment-creditor is permitted to make a broad inquiry to discover any hidden or concealed assets of a judgment-debtor. *See 1st Technology, LLC v. Rational Enterprises, LTDA*, *et al.*, 2007 WL 5596692 *4 (D. Nev. Nov. 13, 2007) (citation omitted) (allowing post-judgment discovery to gain information relating to the existence or transfer of the judgment debtor's assets). Further, in aid obtaining information about a judgment debtor's assets "[w]itnesses may be required to appear and testify before the judge or master conducting any proceeding under this chapter in the same manner as upon the trial of an issue." *See* NRS 21.310.

The Court finds that there is good cause for the requested discovery because it is tailored to identify assets that can be used to satisfy the judgment in this case. However, the Court notes that discovery requests must conform to the Federal Rule or "the procedure of the state where the court is located." Fed. R. Civ. P. 69(a)(2). Accordingly, FDIC-R should propound the requests for production of documents in accordance with Federal Rule of Civil Procedure 34 along with their request that the documents be produced prior to the examination. The Court finds that it is not necessary at this time to issue an order compelling the judgment debtors to produce the requested discovery as they have not failed to comply with discovery requests. As a result, the Court will deny FDIC-R's request with respect to the production of documents, without prejudice.

Based on the foregoing and good cause appearing therefore,

**IT IS HEREBY ORDERED** that Federal Deposit Insurance Corporation's Ex Parte Motions for Ten Judgment Debtor Examinations (#132 - #141) are **granted in part and denied in part without prejudice** as stated above.

**IT IS FURTHER ORDERED** that the judgment debtors shall not dispose of, transfer, or conceal any property not exempt from execution.

**IT IS FURTHER ORDERED** that a copy of this order shall be personally served upon the judgment debtors at least **fourteen (14)** calendar days before their scheduled examination.  Failure to appear may subject the judgment debtor to punishment for contempt of court.

DATED this 5th day of June, 2013.

_____
**C.W. Hoffman, Jr.**
**United States Magistrate Judge**