MORRIS LAW GROUP
Robert McCoy, Bar No. 9121
Email: rrm@morrislawgroup.com
Rex D. Garner, Bar No. 9401
Email: rdg@morrislawgroup.com
900 Bank of America Plaza
300 South Fourth Street
Las Vegas, Nevada  89101
Telephone:  (702) 474-9400
Facsimile:  (702) 474-9422

Attorneys for Federal Deposit
Insurance Corporation, as Receiver
for Community Bank of Nevada

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| JEFFREY B. GUINN, individually and as Trustee of the DEL MAR TRUST, et al.<br><br>Plaintiff/Counterdefendant,<br><br>vs.<br><br>FEDERAL DEPOSIT INSURANCE CORPORATION, AS RECEIVER FOR COMMUNITY BANK OF NEVADA; DO INDIVIDUALS I-XX,<br><br>Defendant/Counterclaimant.<br>_____ | Case No. 2:09-cv-01809-PMP-CWH<br><br>**PRELIMINARY INJUNCTION** |

   Defendant/Counterclaimant the Federal Deposit Insurance Corporation's, as Receiver for Community Bank of Nevada ("FDIC-R"), Motion for Preliminary Injunction was heard on October 2, 2013 at 1:30 p.m.  Plaintiffs/Counterdefendants Jeffrey and Monica Guinn (the "Guinns") received notice of the motion and hearing and attended.  The Court, having considered the FDIC-R's motion (#243), the Declaration of

Robert McCoy and exhibits in support of that motion, and the Guinns' opposition (#146) finds as follows:

    1.    The FDIC-R has shown a likelihood of success on the merits of its motion for a writ of execution against Falcon Talon, LLC ("Falcon Talon"). The Court will address that motion after it is fully briefed.

    2.    The FDIC-R has shown a possibility of harm if a preliminary injunction is not ordered because there is the possibility of the Guinns spending or moving the funds held in the Falcon Talon bank accounts before the Court can rule on the FDIC-R's motion for a writ of execution.

    3.    The balance of equities favors ordering a preliminary injunction against the Guinns because denial of a preliminary injunction would allow the Guinns unfettered access to any funds in the Falcon Talon bank accounts, whether held at Bank of Nevada, Wells Fargo, or any other financial institution, which could hinder the FDIC-R's ability to collect on its outstanding judgments.

    4.    Entering a preliminary injunction against the Guinns is in the public interest because the FDIC-R is an agency of the federal government and is tasked with the objective of collecting on the assets of a failed bank.

    5.    The FDIC-R is not required to post a bond for a preliminary injunction pursuant to 12 U.S.C. § 1822(a).

**IT IS HEREBY ORDERED THAT:**

    1.    The FDIC-R's Motion for Preliminary Injunction is granted in part.

    2.    Jeffrey and Monica Guinn, along with their officers, agents, servants, employees, and all persons in active concert or

participation with one or both of them, are enjoined from transferring or removing any funds from any bank accounts held in the name of Falcon Talon, LLC at Bank of Nevada, Wells Fargo, or any other financial institution, except as follows for reasonable and necessary living expenses:

    a. One rent payment per month in the amount of $2,340;

    b. One payment per month per vehicle in the total amount of $ 1,306 and other attendant transportation costs;

    c. Utilities;

    d. Insurance;

    e. Food and groceries;

    f. Necessary medical expenses; and

    g. Education expenses.

3. In the event that any allowable expense(s) under this order (except the mortgage and car payment) will exceed $1,000.00 total per month in any one of the categories enumerated above, the Guinns must give notice of such expenditure(s) that would cause the expenses in that category to exceed $1,000 to the FDIC-R.

4. Jeffrey and Monica Guinn, along with their officers, agents, servants, employees, and all persons in active concert or participation with one or both of them, are enjoined from transferring or disposing of any funds from any bank accounts held in the name of Falcon Talon, LLC at Bank of Nevada, Wells Fargo, or any other financial institution.

5. This Preliminary Injunction shall remain in effect until further order of this Court.

6. The FDIC-R does not need to post any bond for this Preliminary Injunction to take effect.

_____
UNITED STATES DISTRICT JUDGE

DATED: October 8, 2013