UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

JEFFREY B. GUINN, et al.,

    Plaintiffs,

v.

FEDERAL DEPOSIT INSURANCE CORPORATION,

    Defendant.

2:09-cv-01809-PMP-CWH

ORDER

Presently before the Court is Plaintiffs/Counterdefendants Coronado Canyons, LLC ("Coronado Canyons"), Sean P. Corrigan, Lisa D. Corrigan, and the S&L Corrigan Family Trust's (the "Corrigans") Motion to Dismiss the Counterclaims Relating to the Coronado Canyons, LLC Loan (Doc. #312), filed on September 12, 2014. Defendant/Counterclaimant Federal Deposit Insurance Corporation ("FDIC") filed an Opposition (Doc. #314) on September 29, 2014.  Coronado Canyons and the Corrigans filed a Reply (Doc. #315) on October 9, 2014.  The FDIC filed a Surreply (Doc. #316) on October 20, 2014.  The FDIC filed a Notice of Supplemental Authority (Doc. #317) on November 5, 2014.  Coronado Canyons and the Corrigans filed a Response to the FDIC's Notice of Supplemental Authority (Doc. #318) on November 7, 2014.

**I. BACKGROUND**

The parties are familiar with the facts and extensive procedural history of this case, and the Court will not repeat them here except where necessary.  The FDIC, the receiver for Community Bank of Nevada, Inc. ("Community Bank"), alleges that in 2007,

Coronado Canyons obtained a construction loan in the amount of $29,020,000 from Community Bank. (Answer to the Third Am. Compl. & Countercls. & Third-Party Compl. (Doc. #25) ["Countercl."] at 2, 8.)[1] Repayment of the loan was secured by a deed of trust on real property in Clark County, Nevada. (Id.) The FDIC further alleges that the Corrigans, among others, guaranteed repayment of the loan. (Id.) According to the FDIC, the loan matured on May 1, 2009, but neither Coronado Canyons nor the guarantors repaid the amount due. (Id.)

Coronado Canyons, the Corrigans, and other plaintiffs brought suit in Nevada state court alleging various claims against Community Bank on which judgment already has been entered. (Notice of Removal (Doc. #1), Ex. D; Order (Doc. #109).) Community Bank countersued, alleging claims for breach of contract, breach of guaranty agreements, and breach of the implied covenant of good faith and fair dealing against Coronado Canyons and the loan's guarantors.[2] (Notice of Removal, Ex. G at 7-10.) After being appointed receiver for Community Bank, the FDIC removed the action to this Court on September 11, 2009. (Notice of Removal.)

On April 8, 2011, the FDIC purchased the real property securing the loan at a non-judicial foreclosure sale for $3,700,000. (Countercl. at 9.) On November 28, 2011, which was seven months and twenty days after the April 8, 2011, foreclosure sale, the FDIC amended its answer and counterclaims, adding a claim for application for deficiency judgment to its existing claims against Coronado Canyons and the guarantors. (Id. at 9-11.)

Coronado Canyons and the guarantors subsequently moved to dismiss the FDIC's four claims related to the loan, arguing the FDIC's deficiency judgment claim was untimely

---

[1] The FDIC amended this pleading on October 26, 2012, however, the counterclaims at issue in this Motion were not amended. (First Am. Answer to the Third Am. Compl. & Countercls. & First Am. Third-Party Compl. (Doc. #85).)

[2] The FDIC also brought claims related to various other loans that are not at issue in this Motion, many of which claims were disposed of at summary judgment. (Order (Doc. #109).)

2

because it was not filed within six months of the foreclosure sale as required by Nevada Revised Statutes § 40.455(1). (Coronado Canyons, LLC & the Guarantors' Mot. to Dismiss All Claims Relating to the Coronado Canyons, LLC Loan (Doc. #28).) The FDIC responded that it did not need to file an application for deficiency judgment within six months of the foreclosure sale because it already had sued for breach of contract on the promissory note and the guaranty before the foreclosure sale. (Opp'n to Mot. to Dismiss All Claims Relating to the Coronado Canyons, LLC Loan (Doc. #29) at 3-4.) The FDIC further argued its amended counterclaim that added the deficiency judgment claim relates back to the filing date of its original counterclaims. (Id. at 5-6.) On May 14, 2012, the Court certified to the Nevada Supreme Court three questions raised by the motion to dismiss briefing.[3] (Order of Certification from the United States District Court for the District of Nev. (Doc. #65).) The Court denied the motion to dismiss without prejudice pending the Nevada Supreme Court's ruling on the certified questions. (Order (Doc. #59).)

---

[3] The questions certified were:

(1) Whether a creditor who asserts a breach of guaranty claim for relief against the guarantors of a commercial loan prior to a foreclosure sale or trustee's sale of the collateral securing the loan (which remains pending after the foreclosure sale or trustee's sale) must either amend its pleading to formally state a claim for a deficiency judgment or move for summary judgment on the deficiency within six months of the foreclosure sale or trustee's sale to comply with NRS 40.455(1) and obtain a deficiency judgment?

(2) If the answer to Question No. 1 is "yes," does a written letter from the creditor to the guarantors' counsel within the context of settlement discussions, which identifies the purported amount of the deficiency, and is delivered within six months of the foreclosure sale, sufficient to constitute an application under NRS 40.455(1) to obtain a deficiency as part of an existing litigation?

(3) Is NRS 40.455(1) a substantive statute of repose or a procedural statute of limitations?

(Order of Certification from the United States District Court for the District of Nev. (Doc. #65) at 2.)

On June 26, 2014, the Nevada Supreme Court entered an order declining to answer the certified questions, stating it recently had issued an opinion, <u>Lavi v. District Court</u>, 325 P.3d 1265 (Nev. 2014), which was controlling authority with respect to the first two questions. (Coronado Canyons, LLC, Sean P. Corrigan, Lisa D. Corrigan, & the S&L Corrigan Family Trust's Mot. to Dismiss the Counterclaims Relating to the Coronado Canyons, LLC Loan (Doc. #312), Ex. 1 at 2.) The Nevada Supreme Court declined the third question because it was unable to determine the context in which the question was asked based on the parties' stipulated statement of facts. (<u>Id.</u>)

Coronado Canyons and the Corrigans now move to dismiss all claims alleged against them in the amended counterclaims.

**II. DISCUSSION**

Coronado Canyons and the Corrigans move to dismiss the FDIC's deficiency judgment claim, again arguing it is barred as a matter of law because the FDIC amended its counterclaims to add the claim after § 40.455(1)'s six-month deadline. Coronado Canyons and the Corrigans further argue that § 40.455(1) is a statute of repose and that 11 U.S.C. § 1821(d)(4), commonly known as the "FDIC extender statute," does not extend the time to file an action that is barred by a state statute of repose. Coronado Canyons and the Corrigans also argue the FDIC's breach of contract, breach of guaranty agreements, and breach of the implied covenant of good faith and fair dealing claims are moot and/or duplicative because the foreclosure sale limited the FDIC's remedies to a deficiency judgment.

The FDIC responds that its deficiency judgment claim was timely under § 1821(d)(14), arguing that the FDIC extender statute applies to all periods of limitation, whether they are statutes of limitation or of repose. Specifically, the FDIC contends that in identifying the state time limitations that are displaced by its six-year time limitation, the plain language of the FDIC extender statute states it controls over the shorter "period

4

1  applicable under state law," without distinguishing between statutes of limitation or repose.
2  Alternatively, the FDIC argues that even if § 1821(d)(14) does not apply to statutes of
3  repose, § 40.455(1) is a statute of limitations, and therefore is displaced by § 1821(d)(14).[4]
4  Regarding its claims for breach of contract, breach of guaranty agreements, and breach of
5  the implied covenant of good faith and fair dealing, the FDIC argues these claims are not
6  moot as a result of the foreclosure sale, but concedes that its recovery on these claims may
7  be reduced by the fair market value of the property it purchased at the foreclosure sale.

8        Moreover, for the first time on reply, Coronado Canyons and the Corrigans argue
9  the Court should extend the holding from <u>CTS Corporation v. Waldburger</u>, 134 S. Ct. 2175
10 (2014), to find that § 1821(d)(14) does not preempt § 40.455(1)'s time limitation.  In its
11 surreply, the FDIC argues the United States Supreme Court's holding in <u>Waldburger</u>, which
12 concerns another federal statute, should not be extended to apply to § 1821(d)(14).

13 Finally, the FDIC filed a Notice of Supplemental Authority regarding <u>FDIC v.
14 Rhodes</u>, 336 P.3d 961 (Nev. 2014), which was issued after the briefing on Coronado
15 Canyons and the Corrigans' Motion to Dismiss was completed.  The FDIC contends
16 <u>Rhodes</u> clarified that § 1821(d)(14) expressly preempts §40.455(1)'s six-month time
17 limitation.  Coronado Canyons and the Corrigans respond to the Notice of Supplemental
18 Authority, arguing that the preemption issue decided in <u>Rhodes</u> is a matter of federal law,
19 and therefore <u>Rhodes</u> is not binding authority on this Court.  Coronado Canyons and the
20 Corrigans further respond that although <u>Waldburger</u> deals with another federal statute, the
21 preemption principles in <u>Waldburger</u> are binding on this Court.

22 The Nevada Supreme Court held in <u>Rhodes</u> that § 1821(d)(14) expressly preempts
23 § 40.455(1)'s six-month time limitation within which to bring a deficiency action,

---

[4] The FDIC abandons its previous arguments regarding whether its claim for breach of guaranty contract constitutes an application for deficiency judgment and its relation back argument, which were the genesis of the first two questions certified to the Nevada Supreme Court.

5

1  regardless of whether § 40.455(1) is a statute of limitations or repose.  336 P.3d at 963, 965-
2  68.  Whether a federal law preempts a conflicting state law is based on the Supremacy
3  Clause of the United States Constitution, and therefore is an issue of federal law.  See
4  Transmission Agency of N. Cal. v. Sierra Pac. Power Co., 295 F.3d 918, 928 (9th Cir.
5  2002) (stating that "[f]ederal preemption of state law is rooted in the Supremacy Clause,
6  Article VI, clause 2, of the United States Constitution").  Thus, the Nevada Supreme
7  Court's holding in Rhodes is not binding on this Court.  The Court nevertheless agrees with
8  the Nevada Supreme Court's analysis in Rhodes, including its analysis of Waldburger, and
9  therefore adopts its holding that § 1821(d)(14) expressly preempts § 40.455(1)'s six-month
10 time limitation within which to bring a deficiency action.

11      Here, the FDIC amended its counterclaim to include a deficiency judgment claim
12 seven months and twenty days after the foreclosure sale, the date on which the FDIC's
13 deficiency judgment claim accrued.  Lavi, 325 P.3d at 1269 (stating that the right to a
14 deficiency judgment vests when the secured property is sold).  Given that this was within
15 the six-year time limitation set forth in § 1821(d)(14), the FDIC's deficiency judgment
16 claim was timely.  The Court therefore will deny Coronado Canyons and the Corrigan's
17 Motion as to the deficiency judgment claim.

18      Having read and considered the parties' arguments regarding the FDIC's remaining
19 claims for breach of contract, breach of guaranty contract, and breach of the implied
20 covenant of good faith and fair dealing, and good cause appearing, the Court also will deny
21 Coronado Canyons and the Corrigan's Motion as to these claims.
22 ///
23 ///
24 ///
25 ///
26 ///

### III.  CONCLUSION

      IT IS ORDERED that Plaintiffs/Counterdefendants Coronado Canyons, LLC, Sean P. Corrigan, Lisa D. Corrigan, and the S&L Corrigan Family Trust's Motion to Dismiss the Counterclaims Relating to the Coronado Canyons, LLC Loan (Doc. #312) is hereby DENIED.

DATED: January 12, 2015

                                                                _____
                                                                PHILIP M. PRO
                                                                United States District Judge